DOROTHY A. MASON, Appellant, *v.* JOHN I. D. BRISTOL, Defendant, Impleaded with FRANK G. BUTLER, as Executor, etc., of THOMAS A. BUTLER, Deceased, Respondent.

First Department, December 7, 1917.

**New trial — newly-discovered evidence — testamentary disposition inconsistent with assignment to plaintiff — declarations of assignor tending to impeach assignment — cumulative evidence.**

Where judgment for plaintiff has been entered in an action brought to recover commissions alleged to have been assigned by a decedent to the plaintiff, and which are also claimed by the executor of the decedent, a new trial should not be granted upon the ground of newly-discovered evidence which consists of an imperfectly executed will of the decedent which purported to dispose of the commissions due him, if the defendant's attorney had said will in his possession at the time of the trial but had forgotten that fact.

In any event the alleged will drawn subsequent to the assignment would not be admissible to impeach the assignment, being a declaration subsequent thereto.

Moreover, such evidence would be cumulative where another will of the decedent admitted to probate contained provisions similar to those contained in the imperfectly executed will.

APPEAL by the plaintiff, Dorothy A. Mason, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 23d day of June, 1917, granting respondent's motion for a new trial on the ground of newly-discovered evidence and vacating a judgment heretofore entered in plaintiff's favor.

*James W. Osborne,* for the appellant.

*Robert A. Kutschbock,* for the respondent.

PAGE, J.:

The action was originally brought by the plaintiff against the defendant Bristol, who is the general agent in New York county of the Northwestern Mutual Life Insurance Company, to recover renewal commissions on insurance obtained by Thomas A. Butler in his lifetime claimed to have been assigned

to the plaintiff by said Butler. The defendant Frank G. Butler, who claimed the commissions as executor of the estate of Thomas A. Butler, was on motion interpleaded. The action was thereafter tried at Special Term, Part III. The contents of the assignment were proved by parol testimony, the plaintiff claiming that she had delivered the assignment to Mr. Quencer, the present attorney for the executor, and not having been able since to gain possession of it, the court found in favor of the plaintiff and an appeal was taken to this court. Pending the appeal a motion for a new trial was made upon the ground of newly-discovered evidence. This motion has been granted.

The alleged newly-discovered evidence is an imperfectly executed will of Thomas A. Butler made the day after the date of the alleged assignment, in which he purported to dispose of the money to become due him from Bristol for renewal commissions.

This will was delivered by Frederick Butler to Mr. Quencer, between its date and the making of the last will of Thomas A. Butler on March 13, 1916. The attorney in his affidavit states that it has been continuously in his possession and was so at the time of the trial, but that he had forgotten it and recently found it. This hardly comes within the definition of newly-discovered evidence. But it has no probative value. It is stated that this document shows that Thomas A. Butler had not intended to assign these commissions to the plaintiff. This would not be admissible, being a declaration after the delivery of the assignment tending to impeach it. Furthermore, the will of Thomas A. Butler of March 13, 1916, which had been admitted to probate was received in evidence and contained similar provisions, and, therefore, this evidence was merely cumulative.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SCOTT, SMITH and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.